United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30767

RAYMOND LOGWOOD,

Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT OF EDUCATION; et al.,

Defendants,

SCHOOL BOARD OF OUACHITA PARISH; ROBERT WEBER,

Defendants-Appellees.

**Appeal from the United States District Court
for the Western District of Louisiana
(3:04-CV-2210)**

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Raymond Logwood appeals the summary judgment awarded the School Board of Ouachita Parish and Robert Weber (Appellees). Logwood essentially asserts he was denied access to certain classes and activities at West Monroe High School (WMHS), in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(ADA); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and 42 U.S.C. § 1983. He also contends he was denied a free and appropriate education (FAPE), in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (IDEA). Logwood, who is no longer enrolled at WMHS, claims Appellees violated his rights and denied him a FAPE by: (1) forcing him to use a substandard route to access the Family and Consumer Science classroom; and (2) denying him access to the WMHS auditorium stage.

A summary judgment is reviewed *de novo*, applying the standard used by the district court. *E.g.*, **U.E. Tex. One-Barrington, Ltd. v. Gen. Star Indem. Co.**, 332 F.3d 274, 276 (5th Cir. 2003). Such judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). Logwood concedes that, because he is no longer a student at WMHS, injunctive relief is *not* available; only damages are at issue.

Logwood was *not* denied access to the classroom. He was provided an aide, as well as an acceptable alternate route to reach the classroom. Taking that route did not affect Logwood's ability to receive a meaningful educational benefit under his Individualized Education Plan (IEP) and, therefore, did not deny him a FAPE. *See* **Pace v. Bogalusa City Sch. Bd.**, 325 F.3d 609, 620 (5th Cir. 2003), *vacated in part and aff'd in part en banc,* 403

F.3d 272, 289 (5th Cir.) (adopting panel's IDEA claim determination), *cert. denied*, 126 S. Ct. 416 (2005).

Logwood was *not* denied access to the auditorium stage. Although it was not wheelchair accessible when Logwood was participating in the drama club at WMHS (the ramp was completed after Logwood stopped doing so, although still enrolled), Logwood did not audition for any plays and did not participate in any activity that required him to be on stage. If he had, the activity would have been moved to the handicapped-accessible gymnasium, as had occurred in the past. Therefore, Logwood was not denied a meaningful educational benefit and, thus, was not denied a FAPE. *See id*.

Logwood's remaining claims are without merit. Accordingly, summary judgment was awarded properly against them as well.

**AFFIRMED**